## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE | BANKRUPTCY 20-02873 EAG |
| LYDIA I. OTERO ENCARNACION | CHAPTER 13 |
| Debtor | |

**CREDITOR ROBLES-FONTAN's POSITION NEW & AMENDED 8/15/2022 PLAN**

TO THE HONORABLE COURT:

COME NOW creditors **Federico Robles Collazo & Wanda Ivette Fontán Ocasio**, through their legal representation and respectfully state and pray as follows:

1. Debtor filed her bankruptcy petition on **July 22, 2020** and the §341 Meeting of Creditors was heard and closed on **October 22, 2020** at doc #17.

2. Appearing creditor requested leave to file a late claim at doc #75 on the basis that this creditor had not been initially scheduled by debtor and the Court has granted leave at doc #82.

3. Creditor's secured claim has been filed at Claim #7 on **December 20, 2021**.

4. The hearing on confirmation has been rescheduled on several occasions and is now scheduled for August 25, 2022 at 1:30 pm.

5. There have been 7 Plans proposed by debtor which have been unfavorably recommended by the Chapter 13 Trustee as of **February 14, 2022** at doc #92 amending his Unfavorable Recommendation to the prior Plan.

6. Debtor has once again submitted an *Amended Plan* dated **August 15, 2022** filed at doc #117 in response to a Rule 3015 Order by the Court at doc #111.

7. The *Amended Plan* has addressed and adequately resolved but yet another of this creditor's concerns and objections by providing present value interest to this creditor's claim and has in the prior amendment reduced payment of the lump sum from 60 months to 36 months. Although 36 months is an improvement to procure refinancing, creditor herein continues to view this provision as speculative and uncertain. Debtor has still to include a provision in the Plan requiring debtor to submit to periodic reports, to the Court, or at least to this creditor, regarding her efforts and evidence to procure such financing under the circumstances, and that debtor be required to commence her procurement of refinancing immediately or close to confirmation. The case is into its 25th month,

and there are barely 11 months remaining for debtor to produce the refinancing for payment of the lump sum of $49,000. Has she approached a bank or banks to begin what could be a long and drawn-out process under today's conditions in Puerto Rico's banks? What has she done to date to assure compliance within the 36 months?

8. We do not have access to the Trustee's case file to verify if payments under the Plan are current, but we are sure that the Trustee will soon so inform this Court. Debtor should have paid to date at least **$6,900** of a base of **$75,800** and it is now the 24th month of the Plan with a lump sum proposed to be paid within 12 months.

WHEREFORE creditor, Federico Robles respectfully informs that the *Amended Plan* dated August 8, 2022 has addressed the mayor part, but not all of the concerns and objections raised in the *Objection to Confirmation* at doc #84.

### Certificate of Service

We hereby certify that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants in this case.

DATED: August 15, 2022.

s/*L A Morales*
LYSSETTE A. MORALES VIDAL
USDC PR #120011

L.A. MORALES & ASSOCIATES P.S.C.
76 CALLE AQUAMARINA
CAGUAS, PUERTO RICO 00725
TEL 787-746-2434
eFAX 855-298-2515
Email lamoraleslawoffice@gmail.com